IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                           3:18cr60-RV

MICHAEL SCOTT BURTON, MARIE
ANN SMITH, BRADLEY D. POUNDS,
and HEATHER E. POUNDS

_____ /

ORDER SETTING TRIAL AND OTHER PRE-TRIAL MATTERS

A.      TRIAL AND VOIR DIRE PROCEDURE.

(1)    This case will be tried during the trial term commencing **Monday, August 6, 2018** selection to begin at 9:00 o'clock a.m. on that date for all cases scheduled for trial during that term.

(2)    Voir dire examination of jurors will be conducted by the Court.  If a party wishes to submit voir dire  questions for the  Court's consideration, the same must be in writing and filed with the Clerk at least seven (7) days prior to trial, with copy to opposing counsel.  At the conclusion of the Court's voir dire examination and in the Court's discretion, reasonable opportunity may be given for counsel or the Court to ask additional questions that counsel believe should  properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

(3)    Jury selection will be accomplished in the manner specified

to counsel prior to trial.  Ordinarily, the court will draw the panelists' names from the venire, prepare an ordered list of the panelists,  and provide the list to counsel  immediately before jury selection begins.  The jurors will then be selected in the following manner:  For the first jury selected, the court will start with the top name on the list of panelists and go down the list until the first jury is selected.  For the next and subsequent juries, if any, the same procedure will be used, commencing with the next name on the list following the last juror selected on the preceding jury.  When the last name on the list is reached, the next panelist considered will be the first unselected name on the list, and the same procedure will be repeated.  The method of selection of jurors will usually be in one of the following ways:

(a)    The panel, or a sufficient portion of the panel, will be examined, after which the attorneys will be given the opportunity to exercise their challenges as in paragraph (c), below, until all the jurors and alternates are selected;

(b)    The jury box will be filled and those prospective jurors examined, following which challenges may be exercised as in paragraph (c), below; those excused will be replaced and the new prospective jurors will be examined as before, and this process to be continued until all the jurors and alternates are selected;

(c)    The selection sequence may be done: (1) sequentially, in the order the prospective jurors are listed or seated, beginning with the Government, alternatively accepting or challenging each prospective juror until the selection has been completed; or (2) sequentially, by having the Government get the jury acceptable and tendering to defendant for

acceptance or challenge, and repeating the procedure until the jury is acceptable to both the Government and defendant; or (3) concurrently, by having both the Government and defendant simultaneously, but independently, exercise their peremptory challenges on the panelists' list provided by the Court, with the first appropriate number of unstruck names on the list to constitute the jurors and alternates in the case.

(d)    The Court will ordinarily consider and rule on challenges for cause after all the questioning has been completed, either prior to the selection under the method described in paragraph (a), or during the selection under the method described in paragraph (b).    Peremptory challenges for alternate jurors will be in accordance with Rule 24(c), Federal Rules of Criminal Procedure, unless the Court specifies otherwise.

(e)    Whatever method of jury selection is followed, no back-striking will be permitted.

(4)    Prior to jury selection, all parties shall advise the Court whether they will stipulate to completing the trial with less than 12 jurors, in the event that any jurors, after being sworn, become disabled or may have to be excused by the Court for any other good reason.

(5)    In accordance with Rule 30, Federal Rules of Criminal Procedure, requested jury instructions shall be filed, and copies furnished to the adverse parties and to the assigned law clerk, prior to the time that evidence is received at trial.  Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to, or at, the close of the evidence.  It is the Court's policy to utilize the Pattern Jury Instructions of the Eleventh Circuit, and all requested instructions shall, if different from the

pattern, identify the differences and provide a rationale for its utilization in lieu of the pattern.  If there is no Eleventh Circuit pattern instruction similar or analogous to the requested instruction, then the request shall so specify.  All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same; and, in the case of multiple requests by a party, shall be numbered in sequence.

      B.   <u>DISCOVERY AND INSPECTION</u>.

      (1) POLICY.  It is the court's policy to rely on the standard discovery procedure as set forth in this order as the sole means for the exchange of discovery in criminal cases except in extraordinary circumstances.  This order is intended to promote the efficient exchange of discovery without altering the rights and obligations of the parties, but at the same time eliminate the practice of routinely filing voluminous and duplicative discovery motions.

      (2) <u>DISCOVERY UPON DEFENDANT'S REQUEST</u>.  At the earliest opportunity and no later than five (5) working days after the date of arraignment, the defendant's attorney shall contact the government's attorney and make a good faith attempt to have all properly discoverable material and information promptly disclosed or provided for inspection or copying.  In addition, upon request of the defendant, the government shall specifically provide the following within five (5) working days after the request:

      (a) Defendants Statements Under Rule 16(a)(1)(A) and (B): Any written or recorded statements made by the defendant; the substance of any oral statement made by the defendant before or after the defendant's

arrest in response to interrogation by a then known-to-be government agent which the government intends to offer in evidence at trial; and any recorded grand jury testimony of the defendant relating to the offenses charged.

(b) Defendant's Prior Record Under Rule 16(a)(1)(D): The defendant's complete arrest and conviction record, as known to the government.

(c) Documents and Tangible Objects Under Rule 16(a)(1)(E): Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which the government intends to use as evidence-in-chief at trial, which are material to the preparation of the defendant's defense, or which were obtained from or belong to the defendant.

(d) Reports of Examinations and Tests Under Rule 16(a)(1)(F): Results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are material to the preparation of the defendant's defense or are intended for use by the government as evidence-in-chief at trial.

(e) Expert Witnesses Under Rule 16(a)(1)(G): A written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(3) RECIPROCAL DISCOVERY BY DEFENDANT. If the defendant requests disclosure under subdivisions (a)(1)(C),(D), or (E) of Rule 16, the government shall make its reciprocal requests within three (3) working days after compliance with the defendant's request, and the defendant shall provide the following within five (5) working days after the government's

request:

(a) Documents and Tangible Objects Under Rule 16(b)(1)(A):  Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which the defendant intends to introduce as evidence-in-chief at trial.

(b) Reports of Examinations and tests Under Rule 16(b)(1)(B): Results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which the defendant intends to introduce as evidence-in-chief at trial, or which were prepared by a witness whom the defendant intends to call at trial and which relate to that witness's testimony.

(c) Expert Witnesses under Rule 16(b)(1)(C):  A written summary of testimony the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(4)   OTHER DISCLOSURE OBLIGATIONS OF THE GOVERNMENT.  The government's attorney shall provide the following within five (5) days after the defendant's arraignment, or promptly after acquiring knowledge thereof:

(a) Brady Material:  All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, that is within the scope of Brady v Maryland, 373 U.S. 83 (1963) and United States v Agurs, 427 U.S. 97 (1976).

(b) Giglio Material:  The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napus v Illinois, 360 U.S. 264

6

(1959).

(c) Testifying Informant's Convictions:  A record of prior convictions of any alleged informant who will testify for the government at trial.

(d) Defendant's Identification: If a lineup, showup photo spread or similar procedure was used in attempting to identify the defendant, the exact procedure and participants shall be described and the results, together with any pictures and photographs, shall be disclosed.

(e) Inspection of Vehicles, Vessels, or Aircraft:  If any vehicle, vessel, or aircraft was allegedly utilized in the commission of any offenses charged, the government shall permit the defendant's counsel and any experts selected by the defense to inspect it, if it is in the custody of any governmental authority.

(f) Defendant's Latent Prints:  If latent fingerprints, or prints of any type, have been identified by a government expert as those of the defendant, copies thereof shall be provided.

(5) <u>OBLIGATIONS OF THE GOVERNMENT</u>:

(a) The government shall advise all government agents and officers involved in the case to preserve all rough notes.

(b) The government shall advise the defendant of its intention to introduce evidence in its case-in-chief at trial, pursuant to Rule 404(b), Federal Rules of Evidence.

(c) If the defendant was an "aggrieved person" as defined in Title 18, United States Code, Section 2510(11), the government shall so advise the defendant and set forth the detailed circumstances thereof.

(d) The government shall anticipate the need for, and

arrange for the transcription of, the grand jury testimony of all witnesses who will testify in the government's case-in-chief, if subject to Rule 26.2 and to Title 18, United States Code, Section 3500. Jencks Act materials and witnesses' statements shall be provided as required by Rule 26.2 and Section 3500. However, the government, and where applicable, the defendant, is requested to make such materials and statements available to the other party sufficiently in advance so as to avoid any delays or interruptions at trial.

(6) <u>OBLIGATIONS OF THE DEFENDANT</u>:

(a) Insanity:  If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect, or other mental condition bearing upon the issue of guilt, the defendant shall give written notice thereof to the government within ten (10) working days after arraignment.

(b) Alibi:  If the attorney for the government makes demand for notice of defendant's intent to offer a defense of any alibi, the defendant shall respond thereto within five (5) working days thereafter.

(c) Entrapment:  If the defendant intends to rely upon the defense of entrapment, such intention shall be disclosed to the government's attorney prior to trial.  See United States v. Webster, 649 F.2d 346 (5th Cir. 1981).

(7) <u>JOINT OBLIGATIONS OF ATTORNEYS</u>:

(a) Conference and Joint Report.  The attorneys for the government and the defendant shall confer at least five (5) working days prior to the scheduled date for jury selection, and shall discuss all discovery requested and provided.  They shall also make every possible effort in good

faith to stipulate to facts, to points of law, and to the authenticity of exhibits (particularly regarding those exhibits for which records custodian witnesses may be avoided).  A joint written statement, signed by the attorney for each defendant and the government, shall be prepared and filed prior to commencement of trial.  It shall generally describe all discovery material exchanged and shall set forth all stipulations.  No stipulation made shall be used against a defendant unless the stipulation is in writing and signed by both the defendant and the defendant's attorney.

(b) Newly Discovered Evidence.  It shall be the duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information, evidence, or other material within the scope of this rule, and there is a continuing duty upon each attorney to disclose by the speediest means available.

(c) Discovery Motions Prohibited.  No attorney shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. No discovery motions should be filed for information or material within the scope of this order.

(d) Filing of Requests.  Discovery requests made pursuant to Rule 16 and this order require no action on the part of this court, and should not be filed with the court, unless the party making the request desires to preserve a discovery matter for appeal.

C.    <u>MOTIONS BEFORE TRIAL</u>.

All pre-trial motions permitted or required under the Federal Rules of Criminal Procedure shall be filed no later than ten (10) days after the date of this order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, or the Local Rules of this Court.

D.   <u>MOTIONS GENERALLY</u>.

(1)   Motions shall be accompanied by a written statement certifying that counsel for the moving party (or the moving party if not represented by counsel) has conferred with the opposing counsel or party, as the case may be, in an effort in good faith to resolve by agreement the subject matter of any motion, but has not been able to do so.  In addition, the written statement shall specify the information that has been made available to opposing counsel or parties in lieu of filing of the motion.

(2)   All motions which require evidentiary support shall be accompanied by a signed statement of the facts relied upon for the motion.

(3)   Attention is directed particularly to Rules 6 and 7 of the Local Rules of this Court.

E.   <u>PLEA BARGAINING</u>.

No plea bargaining agreement permitted by this Court will be approved unless agreement is effected on or before **Tuesday, July 31, 2018**, with such plea or pleas to be presented to the Court for its action at arraignment commencing on the morning of **Wednesday, August 1, 2018**.

F.   <u>EXHIBITS</u>.

All exhibits shall be pre-marked by counsel or the parties prior to trial.  Disposition of exhibits shall be administered in accordance with Rule 5.2 of the Local Rules of this Court.

G.      <u>CONTINUING NATURE OF ORDER</u>.

This order, to the extent that it applies to the matters referred to herein, is continuing in nature and through trial.

DONE and ORDERED this 27th  day of June, 2018.

*/s/  Roger Vinson*
ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE

11